**William KRAUSE d/b/a Special-T Software, Plaintiff,**

v.

**TITLESERV, INC., New York Settlement Corp., James J. Conway, III, David Eisenberg, Kenneth Wodiska and Thomas Murphy, Defendants.**

No. 98–CV–5756(TCP)(WDW).

United States District Court, E.D. New York.

Oct. 30, 2003.

Leonard B. Austin, Scott J. Fine, Fine, Fine & Berman LLP, Huntington Station, NY, for Plaintiff.

Ronald J. Rosenberg, Law Office of Ronald J. Rosenberg, Garden City, NY, for Defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Before the Court is a Report and Recommendation of Magistrate Judge William D. Wall dated August 7, 2003 (the "Report") granting defendants Titleserv, Inc.; New York Settlement Corp.; and James J. Conway, III, David Eisenberg, Kenneth Wodiska and Thomas Murphy (collectively, "Titleserv" or "Defendants") summary judgment against plaintiff William Krause ("Krause" or "Plaintiff") on the latter's claim of copyright infringement. For the following reasons, the Report is **AFFIRMED** and **ADOPTED** as an Order of this Court.

## BACKGROUND

The background of this dispute is more fully set forth in Magistrate Wall's Report, and the Court will assume familiarity with both the Report and earlier decisions in this case. Briefly, Krause is a computer programming consultant who performed work for Titleserv, a title service agency, between 1986 and 1996. Plaintiff's work for Defendants included creating over 35 computer programs; programs which constitute Defendants' operating systems and eight of which are at issue in this case. Upon the termination of Krause's relationship with Titleserv, Plaintiff took the source codes for two of the programs with him, limiting Defendants' ability to modify these programs to include the ability to add new client information to Titleserv's records.

Following Mr. Krause's departure, Titleserv filed a still-pending State suit against him for return of the source codes. Krause responded by seeking copyright protection for his programs. Meanwhile, Titleserv successfully reverse-engineered the programs Krause created, enabling Titleserv to modify the source codes and add new client information. Krause responded by filing the instant action for copyright infringement.

Defendants subsequently moved for summary judgment against Plaintiff. Magistrate Judge Wall's Report, requested by this Court, recommended finding for Defendants' motion for summary judgment. The Report accepted Titleserv's theory that its use and modification of Krause's program was an authorized modification of Plaintiff's program, as protected by 17 U.S.C. § 117, because Titleserv owned a copy of the programs and only adapted them as an essential step in their utilization. Plaintiff filed objections to the Report on August 25, 2003, and Defendants filed limited objections the same day.

### Discussion

#### A. *Summary Judgment*

Summary judgment may be granted if, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, the moving party demonstrates that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Material facts are those which may affect the outcome of the case, and a factual dispute is genuine where a reasonable jury may return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

At "the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. 2505. Yet summary judgment is appropriate against a party who fails to es-

tablish an element essential of the case as to which that party will bear the burden of proof at trial (*see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); and when "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348.

*Plaintiff's claim of copyright infringement*

■ Krause claims Defendants violated the copyrights on the programs he created, while Defendants claim that the copyright laws specifically protected their actions. Section 117 of Title 17 of the United States Code states that it is not a copyright infringement for the owner of a copy of a computer program to make a copy or adaptation of that program "provided that such a new copy or adaptation is created as an essential step in the utilization of the computer program in conjunction with a machine and that it is used in no other manner...." 17 U.S.C. § 117(1). Magistrate Judge Wall's Report found, under Section 117, as interpreted within the Second Circuit by that Court's decision in *Aymes v. Bonelli*, 47 F.3d 23 (2d Cir.1995), that Titleserv owned a copy of Krause's programs and made adaptations to the programs that were essential to the program's utilization in Defendants' business. The Report recommended that summary judgment be granted for Titleserv, and Krause objects to this finding.[1]

B. *Defendants' ownership of copies of Plaintiff's programs*

Krause received in excess of $350,000 from Titleserv, leading Magistrate Judge Wall to find that "at the very least, Titleserv owned a copy of the program." (Report at 9–11.) Plaintiff admits performing "numerous services" for Defendants, including, *inter alia*, "creating and developing its computer software systems." (Plaintiff's Objections at 21.) However, Krause argues that, because Titleserv's proofs of his compensation, Internal Revenue Service forms, do not specify which portion of this sum was directly related to programming activities he performed for Defendants, as opposed to unspecified materials he provided to them, there is a disputed issue of material fact regarding his compensation for his programming activities and of Titleserv's ownership of the programs. (*See* Plaintiff's Objections at 20–24.)

Nowhere does Plaintiff suggest that his relationship with Titleserv was primarily that of a supplier of materials to Defendants, and Krause admits that "it would now be impossible for him to determine what portion of the [tax statements] related to his services, as opposed to parts and services." (Plaintiff's Objections at 22.) Krause is a self-described "independent business analyst, computer consultant and computer programmer." (Plaintiff's Objections at 1.) Plaintiff suggests that Magistrate Judge Wall may not determine from the evidence presented that Krause, a computer programmer, was paid over $350,000 at least in part for computer programming services. Even resolving all ambiguities and drawing all inferences in favor of Plaintiff, there is no genuine issue of material fact regarding Krause's payment by Titleserv to develop computer programs nor of Titleserv's ownership of copies of these programs.[2]

---

**1.** The Report rejected Defendants' alternative grounds for summary judgment: that either Plaintiff reached a verbal nonexclusive license agreement with Defendants, or that Plaintiff failed to establish ownership of the copyrights to the programs in the first instance.

**2.** Krause's objections regarding the alleged existence of a oral licensing agreement, as

## C. *Defendants' adaptations to Plaintiff's programs*

The Report found that Titleserv's modifications of Krause's programs were an essential step in the utilization of Plaintiff's program in conjunction with Defendants' machines. (*See* Report at 11–15.) Krause objects, arguing because a sister company of Titleserv, New York Settlement Corp. ("Settlement"), used the modifications to one of the programs, the modifications were not essential to Titleserv. (*See* Plaintiff's Objections at 6, 12.) This argument is not persuasive—Titleserv and Settlement are owned and operated by the same individual, James J. Conway, III ("Conway"). Titleserv is a title service agency, Settlement is a mortgage services agency, and their work for their co-owner and operator, Conway, is complementary. Furthermore, Titleserv, Settlement and Conway are all named as joint defendants in Krause's suit. There is no genuine of disputed material fact, on the basis of the different corporate personae involved, regarding the modifications of Plaintiff's programs being essential to the programs' utilization by Defendants.

Krause also argues, citing the legislative history of the 1976 Report of the National Commission on New Technological Uses of Copyrighted Works, in combination with developments in computer science over the past quarter century (*see* Plaintiff's Objections at 8–10), that § 117 does not allow Titleserv to modify Plaintiff's programs in order to utilize the programs to advance Defendant's business interests, but merely to "permit the program to run on the users machine due to the lack of standardization that was once prevalent in the computer industry." (Plaintiff's Objections at 13.)

Titleserv is a business. It is unclear why Defendants would contract with and pay Plaintiff hundreds of thousands of dollars to develop computer programs, other than to advance Titleserv's business interests. Nothing in Plaintiff's objections overrides the plain language of § 117, which allows an owner of a computer program to adapt that program as an essential step in the utilization of the program in conjunction with a machine. There is no limiting language to § 117 that debars an owner from making modifications for business purposes.

This reading of § 117 is directed by the Second Circuit's decision in *Aymes v. Bonelli*, 47 F.3d 23 (2d Cir.1995). In *Aymes*, the Second Circuit found that the plaintiff, a computer programmer, "was paid by [the defendant] to design a program specifically for [the defendant]'s use, and for those efforts he earned in excess of $70,000. The [Defendant], therefore, had a right to use the program for its own business purposes"—in that case, for the updating of "the inventory, record-keeping, and sales efforts in [the defendant]'s business." *Id.* at 24–25. Titleserv's purposes for modifying Krause's programs in the instant case are similar to the defendant's purpose for modifying the plaintiff's program in *Aymes:* to update records for business purposes.

The changes made by the defendant to the plaintiff's computer program in *Aymes* were necessary measures in their continuing use of the software in operating their business ... copyright laws should reflect the fact that transactions involving computer programs are entered into with full awareness that users will modify their copies to suit their own needs ... This right of adaption includes the

---

opposed to an ownership agreement, pertaining to the programs, are also unavailing. Assuming that such an oral agreement existed, it would be invalid under the Copyright Act's statute of frauds.

right to add features to the program that were not present at the time of rightful acquisition, and was intended to apply to modifications for internal use, as long as the adapted program is not distributed in an unauthorized manner. *Id.* at 26 (internal citations and quotation marks omitted).

Plaintiff, in his objections to the Report, goes to great lengths to distinguish the facts of the case at bar from those in *Aymes.* (*See* Plaintiff's Objections at 13–15.) *Aymes,* as Krause suggests, may indeed be superficially distinguished from the instant case—e.g., the number of computers involved, the originality of the computer program in question, or the type of modifications made—but any single case is factually distinguishable from another. Yet the holding of *Aymes* is still controlling law in the Circuit, is applicable to this case, and was correctly applied in Magistrate Judge Wall's Report.[3]

### D. *Defendants' "Use in No Other Manner" of Plaintiff's programs*

■ Plaintiff's single objection to the Report that bears further scrutiny is that Titleserv, in violation of the limited exception carved out by § 117, allowed Krause's programs, as modified by Titleserv, to be used in another manner by sharing the programs with outsiders. Krause states that Titleserv allowed the programs to be "used by two of [Defendants'] client banks, Chase Manhattan and Bank of New York." (*See* Plaintiff's Objections at 17.) If so, this might be a disputed issue of material fact to be further explored at trial.

However, a closer examination of the record, *sua sponte,* bears out that Title-serv did not share the programs with these banks; e.g., it did not allow the banks to copy the source codes of these programs. Defendants merely allowed the two banks "dial-up" access to view client records on Titleserv's computer systems, and only for a period of one year. (*See* Plaintiff's Objections, Exhibit N (Mr. Murphy's deposition at pages 143:10—144:11).) This is not a prohibited use of the programs that would place Defendants outside the ambit of § 117's affirmative defense.

### *Defendant's cross-motion for sanctions*

The Report also denied Defendants' renewed cross-motion for sanctions against Plaintiff pursuant to this Court's order of August 15, 2003 denying Plaintiff's motion for default judgment. Titleserv objected to this aspect of the Report, and requested that the Report be modified to recommend that Defendant's cross-motion be denied without prejudice to renew. In a Supplemental Report and Recommendation of September 10, 2003, Magistrate Judge Wall denied Defendants' request, noting that while "several of the motions made by plaintiff can be characterized as ill-advised . . . the court finds that, in the context of this case, the plaintiff's conduct is not sanctionable." This Court agrees.

For the reasons stated above, Magistrate Judge Wall's Report and Recommendation of August 7, 2003, as well as the amended Report and Recommendation of September 10, 2003 are therefore ADOPTED as Orders of this Court.

### CONCLUSION

Summary judgment is **GRANTED** for Defendants as to Plaintiff's claim of copy-

---

**3.** See *Ez–Tixz, Inc. v. Hit–Tix,* 969 F.Supp. 220, 224 (S.D.N.Y.1997) (citing *Aymes* for the proposition that "the purchaser of a computer program has a right to use that program for its own business purposes"); *see also Applied* *Info. Mgmt., Inc. v. Icart,* 976 F.Supp. 149, 152 (E.D.N.Y.1997) (citing *Aymes* for the proposition that "Section 117 applies to modifications for internal use").

right infringement, and this claim is according **DISMISSED.** Defendants' renewed cross-motion for sanctions against Plaintiff is **DENIED.**

**SO ORDERED.**